Filed 10/18/22 P. v. Drak CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | F083782 |
| Plaintiff and Respondent, | (Super. Ct. No. VCF413595) |
| v. | |
| LUCAS DEE DRAK, | **OPINION** |
| Defendant and Appellant. | |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County. Melinda Myrle Reed, Judge.

Maureen M. Bodo, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Hill, P. J., Levy, J. and Snauffer, J.

Appointed counsel for defendant Lucas Dee Drak asked this court to review the record to determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised of his right to file a supplemental brief within 30 days of the date of filing of the opening brief. Defendant did not respond. After our review of the record, we remand for correction of the abstract of judgment. In all other respects, we affirm.

## BACKGROUND

On June 16, 2021, at about 6:20 a.m., defendant was masturbating in front of a commercial gym that was open for business. Defendant appeared to be under the influence of a controlled substance, and he gave police a false name. He was arrested after he failed a sobriety test. A blood test confirmed the presence of methamphetamine.

On July 12, 2021, the Tulare County District Attorney filed an information charging defendant with indecent exposure (Pen. Code, § 314(1); count 1), misdemeanor being under the influence of a controlled substance (Health & Saf. Code, § 11550, subd. (a); count 2), and misdemeanor giving false information to the police (Pen. Code, § 148.9, subd. (a); count 3). As to count 1, the information further alleged defendant had suffered a prior "strike" conviction within the meaning of the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On August 3, 2021, defendant pled no contest to all counts and admitted the prior strike.

On November 9, 2021, the trial court sentenced defendant to the midterm of four years on count 1 and imposed no time on the remaining counts.

On February 16, 2022, the trial court reduced defendant's sentence to one year four months, doubled pursuant to the Three Strikes law to two years eight month, and amended the abstract of judgment.

On January 10, 2022, defendant filed a notice of appeal.

2.

On August 4, 2022, the trial court corrected defendant's presentence credits in response to defendant's request, and amended the abstract of judgment.

## DISCUSSION

Having undertaken an examination of the entire record, we observe that on August 4, 2022, when the trial court corrected defendant's presentence credits, it did so on the original November 9, 2021 abstract of judgment with the four-year term, not the amended February 16, 2022 abstract of judgment with the two-year-eight-month term. As a result, defendant gained credits but lost his reduced sentence. We will remand for correction.

We find no other evidence of ineffective assistance of counsel or other arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The matter is remanded to the trial court for preparation of a corrected abstract of judgment that reflects both the reduced sentence from the February 16, 2022 abstract and the corrected credits from the August 4, 2022 abstract. The court is directed to forward copies of the amended abstract to the appropriate entities. In all other respects, the judgment is affirmed.